State *v*. Wheatley.

CRIMINAL LAW. *Indictment. Letting a house for purposes of prostitution.* An indictment which charges that the defendant let a dwelling house, well knowing that the lessees intended to use it for purposes of prostitution, and it was so used, is fatally defective.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County. J. E. R. RAY, J.

State *v.* Wheatley.

Attorney-General LEA, for The State.

for Wheatley.

COOPER, J., delivered the opinion of the Court.

The defendant was indicted, for that he did unlawfully let to certain persons named a certain dwelling of his, "then and there well knowing that the said persons intended to use the said dwelling house as a place of resort for the purpose of prostitution and lewdness, and the said dwelling house was so used and occupied for the purposes aforesaid."

The indictment was, upon motion of the defendant, quashed, and the Attorney-General appealed.

The indictment is for letting a house, knowing that the lessee intended to use it for the purposes mentioned, the house being actually used for those purposes. In England, it seems to be settled that the landlord is not punishable when the keeping of the house for illicit purposes is the exclusive act of the lessee. In America, the weight of authority seems to treat the act of letting as an attempt to commit the offense, and the subsequent keeping as making the landlord liable jointly with the lessee for the nuisance: 1 Bis. Crim. Law, sec. 1090, *et seq.* The indictment in this case is probably fatally defective as not charging either offense, but merely a letting with knowledge of the lessee's purpose. If, however, the indictment be treated as charging an attempt, the question is

squarely presented whether mere knowledge of the lessee's purpose, without more, is sufficient. If the charge had been that the premises were let to be used for the illegal purpose, there is a strong intimation that the indictment would be good: *Childress* v. *Nashville,* 3 Sneed, 347. And mere knowledge might be sufficient in those States in which such knowledge renders a transaction illegal: Benj. on Sales, sec. 506. But in this State we have adopted the distinction between knowledge of the proposed illegal use and actual intent to aid in the unlawful purpose: *Henderson* v. *Waggoner,* 2 Lea, 133; *Jones* v. *Planters Bank,* 9 Heis, 455. To vitiate a contract, the illegal act or purpose must form a part of the consideration: *Thruston* v. *Marshall,* 3 Lea, 740.

There is no error in the judgment of the Court below, and it must be affirmed.